# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00686-WYD-MEH

ELF-MAN, LLC,

      Plaintiff,

v.

WILLIAM HALL,

      Defendant.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on April 8, 2014.**

      Plaintiff's Renewed Motion for Entry of Default Judgment Against Defendant William Hall [filed April 7, 2014, docket #64] is **denied without prejudice**. As set forth in this Court's October 29, 2013 order, Plaintiff's original motion for default judgment against Defendant Hall was denied as moot when Plaintiff filed its motion for leave to file a Second Amended Complaint, but failed to explain whether there was any difference in the allegations against Hall:

> The Court notes that Plaintiff asserts in the motion to amend that the amendment will not "prejudice" any responsive pleading or motion filed in this case. However, neither in the motion to amend nor in Plaintiff's pending (sparse) motion for default judgment is there any information or explanation as to whether or how the Second Amended Complaint may be different as to Defendant William Hall. Thus, without sufficient information and in light of the order granting amendment, Plaintiff's Motion for Default Judgment against Defendant William Hall [filed October 21, 2013; docket #41], which relies on the content and service of the First Amended Complaint, is denied without prejudice as moot. *See Franklin v. Kansas Dep't of Corrs.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)).

Minute Order, docket #45. On October 30, 2013, the Court accepted Plaintiff's Corrected Second Amended Complaint, the operative pleading in this case, and ordered that Plaintiff serve Defendants with the pleading in accordance with Fed. R. Civ. P. 4. Minute Order, docket #49. The record indicates that Plaintiff served then-Defendant Tincknell, but there is no indication Plaintiff served Defendant Hall with the operative pleading. *See Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) ("[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant ... [a]nd service of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations and quotations

omitted).  Moreover, there is nothing on the docket demonstrating that the Clerk of the Court has entered default against Hall for any failure to defend against the operative pleading.